1

2

3

4

5

6

7

8                          UNITED STATES DISTRICT COURT

9                          CENTRAL DISTRICT OF CALIFORNIA

10

11

12   HERIBERTO SAUCEDO SANCHEZ,            CV 21-05534-RSWL-PLAx

13              Plaintiff,               **ORDER TO SHOW CAUSE RE:**
                                         **SUBJECT MATTER**
14        v.                             **JURISDICTION**

15   FCA US LLC, a Delaware
16   Limited Liability Company;
     and DOES 1 through 10,
17   inclusive,

18              Defendants.

19

20        Plaintiff Heriberto Saucedo Sanchez ("Plaintiff")

21   brings this Action against Defendant FCA US LLC

22   ("Defendant") for alleged violations of the Song-Beverly

23   Consumer Warranty Act.  On July 8, 2021, Defendant

24   removed the Action from the Superior Court of

25   California, County of Los Angeles, to this Court.

26        In its Notice of Removal, Defendant avers that the

27   amount in controversy exceeds $75,000 based on the

28   purchase price of the subject vehicle, civil penalties

                                  1

1    sought by Plaintiff, and anticipated attorneys' fees.
2    See Notice of Removal ("Removal") ¶¶ 28-29, ECF No. 1.
3    With respect to civil penalties, however, Defendant
4    states only that Plaintiff claims entitlement to "a
5    civil penalty in the amount of two times the amount of
6    actual damages." Id. ¶ 29.  Because Defendant offers no
7    support for including the civil penalty in the
8    calculation of the amount in controversy, Defendant has
9    not carried its burden to establish removal
10   jurisdiction.  See D'Amico v. Ford Motor Co., No. CV 20-
11   2985-CJC (JCx), 2020 WL 2614610, at *3 (C.D. Cal. May
12   21, 2020) ("[C]ourts do not simply assume that a civil
13   penalty will be awarded, and the removal statute is
14   strictly construed against removal jurisdiction."); see
15   also Castillo v. FCA USA, LLC, No. 19-CV-151-CAB-MDD,
16   2019 WL 6607006, at *2 (S.D. Cal. Dec. 5, 2019) ("The
17   civil penalty under California Civil Code § 1794(c)
18   cannot simply be assumed.").

19       Similarly, with respect to attorneys' fees,
20   Defendant states that "Plaintiffs' attorneys in Song-
21   Beverly cases tried or prepared for trial regularly
22   request more than $65,000 in fees."  Removal ¶ 30.
23   However, Defendant fails to explain how the facts and
24   circumstances of those cases compare to those of the
25   instant Action.  Without such a comparison, the Court
26   cannot simply assume that the services required here
27   will lead to a fee of that amount.  Accordingly,
28   Defendant has not carried its burden to establish that

any amount of attorneys' fees should be included in the amount in controversy determination.  See D'Amico v. Ford Motor Co., No. CV 20-2985-CJC (JCX), 2020 WL 2614610, at *4 (C.D. Cal. May 21, 2020) (rejecting the same argument because defendant made "no effort to explain what amount of attorney fees might be sought or awarded in this case"); see also Fritsch v. Swift Trans. Co. of Ariz., LLC, 899 F.3d 785, 794 (9th Cir. 2018) (explaining that although future attorneys' fees recoverable by statute should typically be included when assessing the amount in controversy, courts retain discretion to disregard a fee estimate where it is too speculative).

Based on the foregoing, the Court **ORDERS** Defendants to show, in writing, on or before November 8, 2021, why the amount in controversy exceeds $75,000.  The Action will otherwise be remanded.

**IT IS SO ORDERED.**

DATED: October 22, 2021        /s/ Ronald S.W. Lew
                    **HONORABLE RONALD S.W. LEW**
                    Senior U.S. District Judge