**JS-6**

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| HERIBERTO SAUCEDO SANCHEZ,<br><br>    Plaintiff,<br><br>    v.<br><br>FCA US LLC, a Delaware Limited Liability Company; and DOES 1 through 10, inclusive,<br><br>    Defendants. | CV 21-05534-RSWL(PLAx)<br><br>**ORDER REMANDING ACTION TO CALIFORNIA SUPERIOR COURT, COUNTY OF LOS ANGELES** |

On October 22, 2021, the Court ordered Defendant FCA US LLC ("Defendant") to show cause [9] why this Action should not be remanded to state court for a lack of subject matter jurisdiction. Specifically, the Court expressed concern over the Defendant's ability to establish that the amount in controversy exceeds $75,000. Defendant filed its response [10] on November 8, 2021.

In its Notice of Removal, Defendant avers that the

1

amount in controversy exceeds $75,000 based on the purchase price of the subject vehicle and civil penalties sought by Plaintiff.  See Notice of Removal ¶¶ 27-29, ECF No. 1.  Defendant argues that the civil penalty should be part of the present calculus because Plaintiff's Complaint states he is entitled to civil penalties.  See Def.'s Resp. to OSC ("Resp.") 2:21-23, ECF No. 10.  However, where a court questions a defendant's assertion of diversity jurisdiction, the defendant must provide evidence establishing that the amount in controversy is met by a preponderance of the evidence.  See Dart Cherokee Basin Operating Co., LLC v. Owens, 574 U.S. 81, 89 (2014).  Here, Defendant points to no evidence nor allegations in the Complaint establishing willful conduct that would more likely than not entitle Plaintiff to an award of civil penalties.

"The amount in controversy includes all relief claimed at the time of removal to which the plaintiff would be entitled if she prevails." Chavez v. JPMorgan Chase & Co., 888 F.3d 413, 418 (9th Cir. 2018).  Because the Song-Beverly Act requires an additional showing of willfulness to justify civil penalties, courts in the Ninth Circuit have frequently required defendants to show by a preponderance of the evidence that a civil penalty will be awarded.  See, e.g., D'Amico v. Ford Motor Co., No. CV 20-2985-CJC (JCx), 2020 WL 2614610, at *3 (C.D. Cal. May 21, 2020) ("Courts do not simply assume that a civil penalty will be awarded, and the

1  removal statute is strictly construed against removal
2  jurisdiction."); Barrett v. FCA US LLC, No. SA CV 21-
3  00243-DOC-DFMx, 2021 WL 1263838, at *4 (C.D. Cal. Apr.
4  5, 2021) (declining to include defendant's estimate of
5  speculative civil penalties to meet the amount in
6  controversy requirement); Ronquillo v. BMW of North Am.,
7  LLC, No. 3:20-cv-1413-W-WVG, 2020 WL 6741317, at *4
8  (S.D. Cal. Nov. 17, 2020) (excluding the civil penalty
9  because defendant failed to provide analogous cases or
10 identify allegations in the complaint indicating that
11 the penalty will more likely than not be awarded).

12      Even if Plaintiff were to prevail on his underlying
13 claim, Defendant points to no evidence or factually
14 analogous cases suggesting that a civil penalty will
15 more likely than not be awarded here.[1]  It is not enough
16 to assume that civil penalties will be awarded simply
17 because Plaintiff states he is entitled to them in his
18 Complaint.  See Conrad Associates v. Hartford Acc. &
19 Indem. Co., 994 F. Supp. 1196, 1201 (N.D. Cal. 1998).
20 For that reason, Defendant has not carried its burden to
21 establish that the civil penalty should be included in

---

[1] Defendant cites Gonzales v. CarMax Auto Superstores, LLC, 840 F.3d 644 (9th Cir. 2016), to support its position that civil penalties should be included in the amount in controversy. See Resp. 3:23-4:23.  However, Gonzales also relied on the costs of complying with injunctive relief if the plaintiff's claims were successful, and the defendant had submitted evidence of those costs and the amount of attorneys' fees likely to be incurred based on the facts of the case.  840 F.3d at 648-49.  Given that Plaintiff is not seeking injunctive relief and Defendant makes no effort to compare the facts of Gonzales to those here, Gonzales does not help Defendant's case.

the amount in controversy determination.

Defendant similarly fails to provide evidence supporting any amount of attorneys' fees that will more likely than not be awarded in this case.  Defendant asserts that its "list of values of attorneys' fees sought by Plaintiffs' attorneys in *other* Song-Beverly cases, is sufficient enough to demonstrate the relief the court may grant to this particular plaintiff if he is victorious in this matter." Resp. 5:27-6:4.  The Court disagrees.  Courts in this Circuit have rejected similar arguments where the defendant fails to explain "why this case is similar to ones that went to trial" or "provide an estimate of the hours that will be incurred or hourly rates that would apply." D'Amico, 2020 WL 2614610, at *4; see also Conrad, 994 F. Supp. at 1200 (considering defendant's estimation of attorneys' fees too speculative where it failed to vary billing rates or estimate the amount of time each task would take). Defendant fails to estimate the cost of major tasks necessary to this case and offers no comparison of the facts of this case to those it relies on for support. Consequently, its estimation of attorneys' fees is too speculative to be included in the amount in controversy determination.

///
///
///

4

1    Based on the foregoing, Defendant has failed to
2 carry its burden of establishing removal jurisdiction.
3 The Court therefore **REMANDS** the Action to the Superior
4 Court of California, County of Los Angeles.
5    **IT IS SO ORDERED.**

7 DATED: November 12, 2021        /s/ Ronald S.W. Lew
                                 **HONORABLE RONALD S.W. LEW**
8                                Senior U.S. District Judge